CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

APR 09 2010

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| JAMES J. GRAVELY, | ) | CASE NO. 4:09CV00020 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | By: B. Waugh Crigler |
| of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's October 3, 2006 claim for a period of disability and disability insurance benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

In a decision dated February 26, 2009, an Administrative Law Judge ("Law Judge") found that plaintiff remained insured through December 31, 2010, and that he had not engaged in substantial gainful activity since his alleged date of disability onset, August 23, 2006. (R. 12.) The Law Judge further found that plaintiff's disorder of the back was a severe impairment, but that plaintiff did not have an impairment or combination of impairments which met or equaled a

listed impairment.[1] (*Id.*) The Law Judge was of the view that plaintiff's medically determinable impairments reasonably could be expected to produce the alleged symptoms; however, his allegations concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent they were inconsistent with the Law Judge's residual functional capacity ("RFC") finding. (R. 14.) The Law Judge found that plaintiff retained the RFC to perform a full range of sedentary work, and that he was precluded from performing his past relevant work[2]. (R. 13,16.) By application of Medical-Vocational Guidelines ("grids")[3], the Law Judge found that there were other jobs available in the national economy that plaintiff could perform. (R. 16-17.) Having concluded there were other jobs available to plaintiff, the Law Judge ultimately found he was not disabled under the Act. (R. 17.)

Plaintiff appealed the Law Judge's February 26, 2009 decision to the Appeals Council, which found no basis in the record, or in the reasons advanced on appeal, to review the decision. (R. 1-3.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. 20

---

[1] The Law Judge noted that plaintiff had not alleged any mental impairment. (R. 17.)

[2] Plaintiff's past relevant work included that of banding table operator and turning pole operator. (R. 16.)

[3] The Law Judge applied Rule 201.22 of the grids upon his finding that plaintiff could perform a full range of sedentary work. (R. 17.) Plaintiff's counsel conceded during oral argument that plaintiff does not suffer any non-exertional limitations but, as will be seen below, argued that a remand for vocational evidence would be necessary if plaintiff were limited to less than a full range of sedentary work.

C.F.R. §§ 404.1527- 404.1545 and 416.927-404.945; *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F. 2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. §§ 404.1527 and 416.927; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In the brief in support of his motion for summary judgment, plaintiff initially argues that, although he alleged disability based on a combination of impairments, the Law Judge failed to evaluate the cumulative effect of his impairments. (Pl's Brief, p. 7.) Specifically, plaintiff contends that he suffers the effects of diabetes, hypertension, ulcerative colitis, osteoarthritis, degenerative disc disease, obstructive sleep apnea syndrome and multiple areas of pain, including his back, feet, hips and knees. (*Id.*)

When a claimant suffers a number of impairments, including those deemed not severe, the ALJ must consider their cumulative or synergistic effects of all those maladies in determining whether the claimant's impairments meet or equal any listed impairment and, if not, on the claimant's residual work-related capacity. 42 U.S.C. § 423(d)(2)(B); *see also Hines v. Bowen*, 872 F.2d 56, 59 (4th Cir.1989) (citations omitted) ("[I]n determining whether an individual's impairments are of sufficient severity to prohibit basic work related activities, an ALJ must consider the combined effect of a claimant's impairments.").

The Law Judge found that plaintiff's impairments, individually or in combination, did not meet a listed impairment. (R. 12.) The Law Judge noted that neither plaintiff's treating and

3

examining sources nor the State agency record reviewing physicians found plaintiff to suffer any malady, or combination of maladies, which meet or equal a listed impairment. (R. 12-13.) Those findings are supported by substantial evidence.

On November 13, 2006, Robert McGuffin M.D. evaluated plaintiff's medical records and completed a physical assessment. (R. 217-223) He opined that plaintiff had a medically determinable impairment of Grade I spondylolithesis at L5-S1. (R. 222.) Dr. McGuffin did not believe that plaintiff's back disorder was disabling and found that he retained the RFC to perform light exertional work. (R. 218.) On January 19, 2007, Michael Hartman, M.D. evaluated plaintiff's medical records. (R. 227-233.) Dr. Hartman echoed Dr. McGuffin in that he also found that plaintiff had the medically determinable impairment of spondylolisthesis and that he retained the RFC to perform light exertional work. (R. 228, 232.)

Next, plaintiff challenges the Law Judge's finding that he could perform a full range of sedentary work. (Pl's Brief, pp. 7-8.) It is his position that the record demonstrates beyond peradventure that the effects of his maladies limit him to less than a full range of sedentary work. Plaintiff contends that in making his RFC finding the Law Judge improperly gave "greater weight" to the opinions offered by the State agency record reviewing physicians than to plaintiff's treating sources. (Pl's Brief, p. 7.) In particular plaintiff believes the Law Judge overlooked treating source opinions that he was limited in his ability to pull, push, lift, squat, bend or twist, thus limiting him to less than a full range of sedentary work. (Pl's Brief, p. 8.) Therefore, at he least, he believes a remand is in order to take vocational evidence to determine whether jobs are available to a person, like him, who is unable to perform a full range of sedentary work.

Under the regulations and applicable circuit decisional authority, a Law Judge and the Commissioner must consider the following in evaluating and weighing medical opinions: "'(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.'" *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005)); 20 C.F.R. §404.1422(d).

Plaintiff first relies on the evidence provided by Scott M. McGinley, M.D., one of plaintiff's treating doctors. In an Excused Absence Form, Dr. McGinley noted that plaintiff should not engage in pushing, pulling, lifting, squatting, bending or twisting. (R. 283.) In addition, plaintiff cites a report of Zujajah Hassan, M.D., another treating source. Dr. Hassan was of the view that plaintiff never should squat, crawl or climb, and offered that plaintiff was limited to only occasional bending and reaching. (R. 184.)

The Law Judge chose to give "greater weight" to the opinions offered by Drs. Hartman and McGuffin. (R. 16.) These two State agency record reviewing physicians opined that plaintiff maintained the RFC to perform light exertional work[4]. (R. 217-223, 227-233.) Relying further on plaintiff's testimony, the Law Judge determined that he possessed the RFC to perform a full range of sedentary work rather than any work at the higher light work category. (*Id.*)

A great deal of the parties' arguments centered on the application of Social Security Ruling ("SSR") 96-9p. There, the Commissioner acknowledges that limitations or restrictions on

---

[4]If an individual can perform light work, he also can perform sedentary work. *See* 20 C.F.R. § 404.1567(b).

a person's ability to push/pull, balance and stoop would reduce that person's ability to perform a full range of sedentary work. SSR 96-9p provides that limitations on pushing and pulling generally have "little effect" on the availability of sedentary work. It further reveals that a person who could occasionally bend would experience only minimal erosion on the availability of sedentary work, whereas a complete inability to stoop would significantly erode the sedentary occupational base. The ruling clearly suggests a consultation with a vocational expert "may be particularly useful for cases where the individual is limited to less than occasional stooping."

Plaintiff bears the burden of showing the limitations which may erode the availability of sedentary work. While the parties argue opposing inferences from the limitations expressed by plaintiff's treating doctors, the Commissioner's argument that plaintiff's daily activities and the activities to which his treating doctors released him provide a substantial evidentiary basis for the Law Judge's RFC finding.[5]

For these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the

---

[5] One treating physician opined that plaintiff was capable of swimming, biking, and weight lifting, but with no military bench pressing. (R. 209.)

parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

4-9-2010
Date